UNITED STATES of America,
Plaintiff—Appellee,

v.

Daniel LEE, Defendant—Appellant.

No. 00–10360.

D.C. No. CR–98–20117–RMW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 12, 2001.

Decided Oct. 23, 2001.

Before CANBY, HAWKINS and GOULD, Circuit Judges.

### MEMORANDUM *

Defendant Daniel Lee was convicted of bribery of a former public official, in violation of 18 U.S.C. § 201(c)(1)(A), and conspiracy to bribe a public official, in violation of 18 U.S.C. § 371. He appeals his conspiracy conviction and challenges the calculation of his sentence. We affirm the conspiracy conviction but vacate his sentence and remand for resentencing.

■ There was ample evidence to convict Lee of conspiracy to bribe a public official. At trial, Leland Sustaire testified that, while he was an INS official, he entered into an agreement with Lee to take bribes in exchange for illegally obtaining and expediting green cards for Lee's customers. Sustaire further testified that he took these bribes on what was generally a monthly basis between mid–1993 and the end of 1995. The government corroborated this testimony with evidence that Lee himself admitted in 1998 that he "in fact had been bribing Mr. Sustaire since 1993 and ... paid him between $200,000 to $300,000 in bribes." From this evidence alone, a rational juror could easily have found beyond a reasonable doubt that Lee had been involved with Sustaire in a conspiracy to bribe a public official, and that Lee had carried out at least one overt act in furtherance of this conspiracy between November 1993 and December 1995. Consequently, Lee's Rule 29 motion was properly denied. *See United States v. Tisor,* 96 F.3d 370, 379 (9th Cir.1996) (evidence is sufficient to support a conviction if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.") (emphasis in original) (citation omitted).

■ There is no merit to Lee's contention that the conspiracy charge should have been dismissed as time-barred. Although the government failed to prove the only overt act that was specifically alleged to have occurred after November 3, 1993, the limitations cut-off date, this failure was not fatal to the government's case, because Lee was not prejudiced by the variance in proof between the overt act specifically alleged in the indictment and those non-time-barred acts ultimately proved at trial. *See Brulay v. United States,* 383 F.2d 345, 350–51 (9th Cir.1967); *see also United States v. Frank,* 156 F.3d 332, 337–38 (2d Cir.1998). Indeed, because the indictment

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

stated that the overt acts specified in the indictment were only *some* of the overt acts committed, *among others,* in a conspiracy alleged to have continued through December 1995, Lee was on notice that the government might offer evidence of other overt acts in furtherance of the conspiracy, similar to the ones specifically alleged in the indictment, that continued through 1995. Consequently, Lee could not have been caught off guard by the manner in which the government proved the overt acts upon which the government ultimately relied to support the conviction-a point underscored by the fact that Lee never claimed surprise or objected to the introduction of the evidence supporting the existence of other overt acts within the limitations period. *See Brulay,* 383 F.2d at 351.

■■■ We also reject Lee's contention that his conviction should be reversed because the district court failed to instruct the jury that, in order to convict, it was required to find that an overt act in furtherance of the conspiracy had occurred within the five-year period of limitations. Lee failed to object to the omission of this instruction, and so we review for plain error. *United States v. Fuchs,* 218 F.3d 957, 961 (9th Cir.2000). In this case, Lee is correct that the district court's failure to give the instruction was "clear and obvious," because established Supreme Court precedent required such an instruction. *Id.* at 962. But this error is insufficient to cause reversal because it did not affect Lee's "substantial rights." *See id.* An error affects a defendant's "substantial rights" only when there is "a significant possibility of acquittal had a different instruction been given," *United States v. Baron,* 94 F.3d 1312, 1318 (9th Cir.1996)

(citation omitted). There was no such possibility here. Sustaire testified that his bribery scheme with Lee continued on a generally monthly basis between mid-1993 and the end of 1995,[1] and Lee himself had admitted giving Sustaire bribes since 1993. In light of this evidence and other testimony and documents presented at trial, a properly instructed jury almost certainly would have concluded that Lee had given Sustaire at least one bribe at some point between November 1993 and the end of 1995, and thus would have found Lee guilty.

■■■ Although we affirm Lee's conviction, we vacate his sentence and remand for resentencing because the district court failed to comply with Fed.R.Crim.P. 32(c)(1) when sentencing Lee. Under this rule, a district court must "rule on any unresolved objections to the Presentence Report" prior to imposing a sentence. Fed.R.Crim.P. 32(c)(1). "For each matter controverted, the court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing."[2] *Id.* In this case, Lee raised an objection to the amount of bribes listed in the Presentence Report, but the district court never explicitly resolved the dispute. Instead, the court imposed the sentence and later issued a statement that it was "adopt[ing] the factual findings and guideline application in the presentence report." Under our precedents, it is not "sufficient to enter a finding of fact that [does] not specifically address defendant's objections." *United States v. Carter,* 219 F.3d 863, 867 (9th Cir.2000). Consequently, we

---

1. As evidenced by the guilty verdict, the jury found Sustaire's testimony to be credible.

2. Because the amount of bribes given affected Lee's sentence, the court was required to make a specific finding on Lee's allegation concerning the amount of bribes.

vacate Lee's sentence and remand for re-sentencing. *See id.* at 866–67.

**CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.**